IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-18,030-09






EX PARTE HAROLD LEROY McCRAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W03-50641-J IN THE CRIMINAL DISTRICT COURT NO. 3


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty-seven (27) years' imprisonment. The Fifth Court of Appeals
affirmed his conviction. McCray v. State, No. 05-04-00967-CR (Tex. App. - Dallas, Aug. 18, 2005,
no pet.).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to contact or subpoena two potential witnesses as requested by Applicant. Specifically,
counsel failed to contact Karen Frye and Glenn Lilly, and counsel did not return their calls when they
attempted to contact counsel. They were available and willing to testify. They would have testified
that Applicant never had a knife or baseball bat as alleged and that the complainant had assaulted
Applicant several days before the offense for which Applicant was convicted.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel failed to contact potential
witnesses requested by Applicant, whether the witnesses were available and willing to testify, and
whether the testimony of such witnesses would have been of benefit to the defense. The court shall
make further findings as to whether the performance of Applicant's trial attorney was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within one hundred twenty (120) days of the date of this order. 
Any extensions of time shall be obtained from this Court. 




Filed: October 4, 2006

Do not publish